In the Matter of the Petition of

MARIE RICHARDS, Plaintiff

v.

THE ELECTIVE BOARD FOR THE TOWN AND SUBURBS OF FREDERIKSTED, AND MEMBERS FREDERICK DORSCH, ARNOLD M. GOLDEN, AND D. HAMILTON JACKSON, Chairman, Defendants

April Term, 1936

No. 120

District Court of the Virgin Islands

Frederiksted Sub-Judicial District
St. Croix

April 15, 1936

352

LEVITT, *Judge*

The facts in this case are the following:
The plaintiff, Marie Richards, a female alien, who has

declared her intention to become a citizen of the United States and who has taken an oath to support the Constitution and Government of the United States, residing in the Municipality of St. Croix over five years, of more than 25 years of age, and in receipt of an income of more than $300 yearly, applied to the Electoral Board for the Town and Suburbs of Frederiksted to be placed on the list of persons entitled to vote in the said district. Her application was denied by two of the three members of the Board for this district, and an award was made stating this denial. From this denial she appealed to the Judge of the District Court for a writ of mandamus to compel the Electoral Board to place her name on the list of qualified voters, basing her right to be placed there by virtue of the Nineteenth Amendment to the Constitution of the United States (prec. 1 V.I.C.).

We have already held in the case just decided (In re Petition of Evelyn Richardson, et al. v. The Elective Boards of Frederiksted Town and Country Districts, Etc. No. 119 - 1936, St. Croix [see page 301, this volume]) that the word "man," as it occurs in section 18 of the Amalienborg Code of 1906 (Colonial Law of Apr. 6, 1906; prec. 1 V.I.C.), is there used in its generic sense, that it means "person," and that it includes both men and women.

The question to be decided in this case is this:

Is an alien woman who has declared her intention to become a citizen of the United States, and who has taken an oath to support the Constitution and the Government of the United States, and who has resided in the Danish West India Islands for five years, and who has all the qualifications prescribed by section 18 of the Amalienborg Code of 1906, the right to vote in the Virgin Islands?

We hold that she has such right.

■ Statutes dealing with the same subject matter must

be dealt with as being in pari materia. Unless there is a clear inconsistency, or conflict, between two statutes in pari materia they must be construed so as to keep both in force and effect.

■ The Act of March 3, 1917 (ch. 171, § 2, 39 Stat. 1132 [48 U.S.C. § 1392]), keeps in operative force such election laws found in the Amalienborg Code of 1906 as are "compatible with the changed sovereignty." We have already held that such laws must conform to the provisions of the Constitution of the United States, and to the laws of the United States, which are not otherwise inapplicable to the Virgin Islands (In re Petition of Evelyn Richardson et al. v. The Elective Boards for the Frederiksted Town and Country District, Etc., supra).

Section 18 of the Amalienborg Code of 1906 provides that every person who has "resided in the Danish West India Islands for 5 years" and has the other qualifications prescribed by the section may vote. At the time that the Amalienborg Code of 1906 was adopted by Congress as part of the law of the Virgin Islands, there was a statute of the United States in force and effect which provided that:

"At all elections subsequent to the first election in any Territory hereafter organized by Congress, as well as at elections in Territories already organized, the qualifications of voters and of holding office shall be such as may be prescribed by the legislative assembly of each Territory, subject, nevertheless, to the following restrictions on the power of the legislative assembly, namely:

"First. The right of suffrage and of holding office shall be exercised only by citizens of the United States above the age of twenty-one years, and by those above that age who have declared on oath, before a competent court of record, their intention to become such, and have taken an oath to support the Constitution and Government of the United States . . .". Rev. Stat. (1875), § 1860, amended Mar. 3, 1883, ch. 134, 22 Stat. 567 (48 U.S.C. § 1460).

We have already held that Revised Statutes, section 1891█, applied to the Virgin Islands (In re Petition of Evelyn Richardson, et al. v. The Elective Boards, Etc. supra). Therefore, R.S. § 1860, was applicable to the Virgin Islands unless it was the clear intention of Congress to supersede these provisions by the Act of March 3, 1917 (supra). This intention does not clearly and unmistakably appear. Congress expressly adopted only those sections of the election laws in the Amalienborg Code of 1906 which were "compatible with the changed sovereignty." The question now is this: In view of the provisions of R.S., § 1860, is the giving of the privilege of voting to aliens who have resided in the Danish West Indies compatible with the ideals and principles of American Government?

█-█ Participation in our National Government is a high prerogative of American citizenship. Nowhere in the Constitution of the United States is that prerogative given to aliens. Although it is true aliens may live within our boundaries under the protection of our Constitution, the Constitution does restrict the suffrage in national affairs to citizens only. The Congress of the United States can be elected only by citizens of the United States. The legislative assemblies in any organized territory of the United States are simply administrative agencies of Congress, which are used by Congress to carry out the power which Congress has to govern the territories of the United States. Election to those administrative agencies may very properly be restricted to those who are citizens of the United States and to those who have legally indicated that they will support the government and the Constitution of the United States. It is inherently reasonable to grant the privilege of electing the agents of Congress to those only who will support the Constitution and

Government of the United States. The provisions of R.S., § 1860, clearly show that Congress does not want its agents and agencies in organized territories to be elected, or created by those who will give their allegiance solely to a foreign government. Only those who now give, or intend very soon to give, their allegiance to the United States are to have the right of suffrage.

It is true that aliens have been allowed heretofore to vote and to hold office in the Virgin Islands contrary to the provisions of R.S., § 1860, since March 3, 1917, but there has been bitter outcry against the custom and continuous protest that the departure from the principles found in R.S., § 1860, was illegal (Document No. 734, 66th Congress, Second Session, House of Representatives; Hearings before the Committee on Insular Affairs, House of Representatives, 69th Congress, First Session Jan. 30, and Apr. 2, 1926, H.R. 7183, H.R. 8517, H.R. 9395; Hearings before the Committee on Territories and Insular Possessions, U. S. 69th Congress, First Session, Senate Bill 3228 and Senate Bill No. 4005, Feb. 17 and 23, Mar. 2, 1926; Hearings before the Committee on Insular Affairs, 69th Congress, Second Session, H.R. 10865, Dec. 20, 1926; Hearings before the Committee on Territories and Insular Possessions, United States Senate, 69th Congress, Second Session, S. 3228, S. 4005, and S. 4550, Jan. 13, 14 and 15, 1927; Joint Hearings before the Committee on Territories and Insular Possessions, United States Senate, and Committee on Insular Affairs, House of Representatives, 72nd Congress, Second Session, S. 5457 and H.R. 14319, Jan. 19, 20 and 21, 1933).

It is also true that this court will be hesitant to depart from a long established custom of Government. But a custom cannot be saved from illegality simply by the fact that it is long continued.

■ ■ We are therefore constrained to hold that R.S.,

§ 1860, is in force and effect in the Virgin Islands. It follows then that section 18 of the Amalienborg Code of 1906 must be construed so as to harmonize with R.S., § 1860. The result is that the phrase ". .. man . . . who . . . has resided in the Danish West India . . ." refers only to an alien who has declared on oath before a competent court of record his intention to become a citizen of the United States, and who has, in addition, taken an oath to support the Constitution and the Government of the United States. And we so hold.

■ ■ As we have already decided that women citizens of the United States are entitled to vote under the provisions of section 18 of the Amalienborg Code of 1906 (Edith Williams et al. v. Elective Boards of St. Thomas, No. 14 - 1935, St. Thomas; Evelyn Richardson, et al. v. The Elective Boards, Etc., supra), we now hold that an alien woman who has declared on oath before a competent court of record her intention to become a citizen of the United States, and has also taken an oath to support the Constitution and Government of the United States, has the right to vote in the Virgin Islands if she possesses the qualifications set out in section 18 of the Amalienborg Code of 1906.

■ The petitioner in the instant case has all the qualifications giving her the right to vote. She has been denied the right to have her name placed upon the election list for the Town of Frederiksted. She is, of right, entitled to a peremptory writ of mandamus directed to the Elective Board for the Town of Frederiksted, to place her name upon the election list for the Town of Frederiksted for the period from April 1, 1936, to March 31, 1937. The demurrer in this case is overruled. The writ will issue.